UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JASON GAMBLE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **2:12-cv-04186-AKK** |
| **MIDLAND FUNDING LLC, and** ) | |
| **MIDLAND CREDIT** ) | |
| **MANAGEMENT INC,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jason Gamble ("Gamble") brings this action against Defendants Midland Funding, LLC and Midland Credit Management, Inc. (collectively "Midland") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and Alabama law for alleged wrongful collection efforts.  Doc. 1. Midland seeks dismissal of Gamble's claims, doc. 6, and the motion is fully briefed and ripe for review, docs. 12-13.  For the reasons stated more fully below, Midland's motion is **GRANTED** as it relates to Gamble's § 1962(g) and state law abuse of process and negligence claims, and **DENIED** in all other respects.

### I. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also*

*Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

## II. PROCEDURAL AND FACTUAL BACKGROUND[1]

On June 7, 2012, Midland filed suit against Gamble in the Small Claims Court of Jefferson County, Alabama to recover on a $2,288.26 debt. Doc. 1 at ¶¶ 47, 50. The notice Midland sent stated that the court would enter a default judgment against Gamble if he failed to respond, and that "ONCE A JUDGMENT HAS BEEN ENTERED AGAINST YOU, YOUR PAYCHECK CAN BE GARNISHED AND/OR **YOUR HOME OR PROPERTY SOLD** TO SATISFY THAT JUDGMENT." *Id*. at ¶ 52 (emphasis in original). Gamble asserts that he did not owe the debt and that Midland did not own the debt at the time it instituted the debt collection action. *Id*. at ¶¶ 60-64. Gamble claims further that Midland knew Gamble did not owe the debt and yet made several misrepresentations during the pendency of the lawsuit in an attempt to gain money, and continued to report the wrongful debt on Gamble's credit

---

[1]"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009).

report. *Id*. at ¶¶ 58-59, 98. Apparently, Midland failed to present any evidence to support its contentions at the trial. *Id*. at ¶¶ 81-83. As a result, the court entered a judgment in Gamble's favor. *Id*. at ¶ 96.

### III. ANALYSIS

Gamble then filed this lawsuit, asserting claims for FDCPA violations, and state law claims for invasion of privacy, negligent, wanton, and intentional hiring and supervising of incompetent debt collectors, negligent, wanton and intentional conduct, and malicious prosecution and abuse of process. Doc. 1. The court discusses each claim below.

**A.    FDCPA**

Midland asserts that Gamble's FDCPA claims fail as a matter of law because the collection lawsuit it filed was not a "communication" governed by the FDCPA. Doc. 7 at 4-5. With respect to § 1692g, the Eleventh Circuit has, in fact, held that a legal action is not an "initial communication."[2] *See Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003). Therefore, as related to Gamble's § 1962g claim, Midland's motion is **GRANTED**. The motion is, however, **DENIED** on the remaining FDCPA claims. As Midland noted in its reply brief, Gamble

---

[2] This section requires a debt collector to send a written notice containing specific information regarding the debt to the consumer within five days of sending an "initial communication." 15 U.S.C. 1692g(a).

sufficiently alleged that Midland made explicit misrepresentations in the state court proceeding because it knew that Gamble did not owe the debt. Doc. 13 at 1-2. While an implicit misrepresentation may be insufficient for a claim under the FDCPA, Gamble's remaining claims survive in light of his allegations of explicit misrepresentations. *See Webb v. Midland*, No. 2:12-cv-2920-KOB, 2013 WL 360151, at *2-3 (N.D. Ala., January 29, 2013).

## B.  Invasion of Privacy

Midland raises two contentions in support of its motion to dismiss the invasion of privacy claim. First, Midland asserts the claim is preempted by the Fair Credit Reporting Act ("FCRA"). Doc. 7 at 22-24. The court disagrees because the FCRA states unequivocally that an invasion of privacy claim is preempted "*except* as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e) (emphasis added). Gamble's allegation that Midland willfully furnished false information falls squarely within the exception. Therefore, Gamble's claim is not preempted by the FCRA.

Second, Midland asserts that it is due to prevail because it simply took "reasonable measures to collect a debt." Doc. 7 at 22-24. Unfortunately for Midland, a factual determination is necessary to ascertain whether Gamble's allegations that Midland wrongfully instituted legal action and knowingly supplied

false information in order to collect a debt Gamble purportedly did not owe qualified as "reasonable measures to collect a debt." At this juncture, it is clear that Gamble is alleging that Midland engaged in unreasonable collection efforts. Therefore, Midland's motion is **DENIED**.

### C.  Negligent, Wanton, and Intentional Conduct

Midland asserts next that Counts 3 and 4 fail, in part, because claims for negligent, wanton, or intentional hiring of incompetent employees cannot exist under Alabama law without an underlying wrong. Doc. 7 at 25. The court disagrees. As discussed previously, Gamble has surviving state law claims sufficient to establish an "underlying wrong." *See* section B, *supra*, and D, *infra*. Therefore, Midland's motion is due to be denied on this basis.

Midland also asserts that Gamble's claims fail because negligent or wanton filing of a lawsuit is not a recognized state law claim. Doc. 7 at 26. The court agrees with respect to the negligence claim under Count 4, which Gamble withdrew. Doc. 12 at 35 n.11. Accordingly, the motion to dismiss the negligence claim under Count 4 is **GRANTED**. However, the wantonness claims survive Midland's motion. Under Alabama law, to establish wanton conduct, Gamble "must [] show[] that with reckless indifference to the consequences the party consciously and intentionally did some wrongful act or omitted some known duty,

and that this act or omission produced the injury." *Brown v. Turner*, 497 So. 2d 1119, 1120 (Ala. 1986). Although "wanton filing of a lawsuit" may not be a cognizable tort, *see Ex parte Miller, Hamilton, Snider & Odom, LLC*, 942 So. 2d 334 (Ala. 2006), Gamble alleged that, among other things, Midland wantonly made false statements and attempted to harass Gamble into paying a debt Midland knew he did not owe. *See* doc. 1. Accordingly, the court finds that Gamble alleged sufficient facts to state a claim for wantonness and **DENIES** Midland's motion.

### D. Malicious Prosecution and Abuse of Process

Midland asserts lastly that Count 5 (malicious prosecution and abuse of process) fails to state a viable claim. Doc. 7 at 26-29. The court agrees with respect to the abuse of process claim.

#### 1. Malicious Prosecution

"To establish a claim of malicious prosecution, [Gamble] must prove that the defendant [] instigated without probable cause and with malice, a prior judicial proceeding against [Gamble], that the prior proceeding ended in favor of [Gamble], and that [Gamble] suffered damages." *Willis v. Parker*, 814 So. 2d 857, 863 (Ala. 2001) (*quoting Lumpkin v. Cofield*, 536 So. 2d 62, 64 (Ala. 1988)). Midland contends that this claim fails because a malicious prosecution claim

cannot be based on small claims court proceedings and, alternatively, because Gamble failed to sufficiently allege malice.  Midland's first contention is unsupported by Alabama law which, to the contrary, does not call for the dismissal of malicious prosecution claims simply because they are based on small claims court proceedings.  *See e.g., Hollander v. Nichols*, 19 So. 3d 184 (Ala. 2009); *Brown v. Parnell*, 386 So. 2d 1137 (Ala. 1980).  Moreover, "[m]alice in a malicious prosecution action has been defined as whatever is done willfully and purposely, whether the motive is to [injure the] accused, to gain some advantage to the prosecutor, or through mere wantonness or carelessness, *if at the same time wrong and unlawful within the knowledge of the actor*."  *Willis*, 814 So. 2d at 863-64 (emphasis in original).  Because Gamble clearly alleged that Midland acted willfully and wantonly to injure Gamble and that Midland knew its conduct was unlawful, Gamble's complaint facially states a claim for malicious prosecution.  Therefore, Midland's motion is **DENIED** as to the malicious prosecution claim.

    2.    Abuse of Process

"To establish a claim of abuse of process, [Gamble] must prove: (1) the existence of an ulterior purpose; 2) a wrongful use of process, and 3) malice." *Willis*, 814 So. 2d at 865.  However, "[t]he defendant cannot be liable for an abuse of process claim unless [it] somehow acted outside the boundaries of legitimate

procedure after the charge had been filed." *Id*. (citation omitted). In other words, "[t]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions[.]" *Id*. (citation omitted). Although Gamble alleged that Midland had an ulterior purpose and acted with malice, Gamble failed to allege that Midland "acted outside the boundaries of legitimate procedure" once it instituted the small claims court action. Accordingly, Midland's motion on this claim is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, Midland's motion is **GRANTED** as to Gamble's FDCPA § 1692g and state law negligence and abuse of process claims. Accordingly, these claims are **DISMISSED without prejudice**. However, the motion is **DENIED** in all other respects.

**DONE** this 7th day of March, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE